Jeffrey Neuman, OSB # 151760
jeff@daigle.law
DAIGLE LAW
210 SW Morrison Street, Suite 600
Portland, OR 97204
Telephone: (971) 255-0698

*Attorney for Plaintiff Bradley Manker,
d/b/a 35 Corks Art Studio*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BRADLEY MANKER, d/b/a 35 CORKS ART STUDIO<br><br>Plaintiff,<br><br>v.<br><br><br><br>JEANELL EVANS,<br><br>Defendant. | Case No.: 3:20-CV-1367<br><br><br><br><br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, CONTRIBUTORY COPYRIGHT INFRINGEMENT AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Bradley Manker, d/b/a 35 Corks Art Studio ("Plaintiff"), by and through its attorneys, Daigle Law, for its Complaint against defendant Jeanelle Evans ("Defendant"), alleges, on knowledge as to its own actions, and otherwise on information and belief, as follows:

\\\

\\\

COMPLAINT - 1

\\\

## PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking injunctive and monetary relief for Defendant's intentional infringement of Plaintiff's copyright in Plaintiff's "American Sign Language Word Wall Cards – Mega Bundle" (the "Copyrighted Works").

2. Plaintiff is an illustrator graphic designer, and educator who creates artworks, graphics and other items directed towards the educator community and sells them for profit.

3. Sometime in early 2017, Plaintiff created the Copyrighted Works. As a result, Plaintiff is the owner of all copyright rights in the Copyrighted Work. Since creation of the Copyrighted Work, Plaintiff has published, distributed, advertised, publicly displayed and sold copies of the Copyrighted Works consisting of the Copyrighted Works in the United States by the website "Teachers Pay Teachers," viewable at https://www.teacherspayteachers.com. Plaintiff has sold hundreds of copies of the Copyright Rights beginning with its first publication on March 8, 2017. Plaintiff owns a federal registration for the Copyrighted Works, which it obtained on March 6, 2020.

4. The claims asserted herein arise out of and are based on Defendant's copying, reproduction, distribution and sale of the Copyrighted Works without Plaintiff's consent. Plaintiff sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq. and under Oregon Common Law

5. Plaintiff seeks all remedies afforded by the Copyright Act, including preliminary and permanent injunctive relief,  Oregon Common Law Plaintiff's damages and Defendant's profits from Defendant's willfully infringing conduct, and other monetary relief.

\\\

COMPLAINT -  2

## JURISDICTION AND VENUE

6. This court has jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1332(a) and (b), § 1331 and § 1338(a) and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367 regarding tortious interreference1332 claims.

7. Venue is proper in this district under, 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district, 28 U.S.C. § 1391(b)(2), because a substantial part of property that is the subject of the action is situated in this district and/or 28 U.S.C. § 1391(b)(3), because Defendant is subject to personal jurisdiction in this district regarding this action, and there is no other district in which the action may otherwise be brought. Alternatively, Venue is appropriate in this district under 28 U.S.C. § 1404(a) and *Penguin Group (USA) Inc. v. American Buddha* (N.Y. Ct. Appeals March 24, 2010) because Plaintiff, who is of modest means as a teacher would be significantly harmed if forced to file suit 2700 miles away, across the country.

## PARTIES

8. Plaintiff Bradley Manker d/b/a 35 Corks Art Studio is an individual who resides in Hillsboro, Oregon Plaintiff is a citizen of the United States of America. Plaintiff is an educator who creates works of art under the studio name 35 Corks Art Studio for use in education and for sale to other educators.

9. On information and belief, Defendant Jeanelle Evans is an individual who resides in Philadelphia, Pennsylvania, United States of America. On information and belief, Defendant is a citizen of the United States of America. On information and belief, Defendant is an educator who purchases various items from the internet and re-sells them for profit.

## FACTS

COMPLAINT - 3

A. *Plaintiff and its Copyrighted Works.*

10. Plaintiff created the Copyrighted Works in 2017 by being drawn digitally and then compressed and uploaded for sale on March 8, 2017. As a result, Plaintiff owns any and all copyright rights in the Copyrighted Work. A true and correct examples of the Copyrighted Works are attached hereto as Exhibit A.

11. The Copyrighted Works is wholly original, and Plaintiff is the exclusive owner of all rights, title, and interest, including all rights under copyright, in the Copyrighted Works.

12. Plaintiff is the owner of valid and subsisting United States Copyright Registration No. VA-0002199226 for the Copyrighted Works, issued by the United States Copyright Office on March 6, 2020. Attached as Exhibit B is the filing registration from the U.S. Copyright Office for Plaintiff's Registration No. VA-0002199226 "American Sign Language (ASL Sight Words Compendium."

13. Plaintiff has published and distributed the Copyrighted Works by posting them on the "Teachers Pay Teachers" website, described above. This publication and distribution has been a tremendous success as hundreds of copies of the Copyrighted Works have been sold via the above described online channel for teachers to use in their educational lessors. All public depictions of the Copyrighted Works are accompanied by an appropriate copyright notice indicating that Plaintiff is the owner of all rights in the work.

14. The Copyrighted Work is of significant value to Plaintiff because Plaintiff charges fees to purchase a limited use license to use the Copyrighted Works. The fees charged and retained by Plaintiff represent a significant ancillary business to his primary occupation as an educator.

\\\

B. *Defendant's Infringing Conduct*

COMPLAINT - 4

15. On information and belief, Defendant is engaged in as an educator in the Philadelphia Region.

16. Defendant has published, reproduced, publicly displayed, distributed and sold or caused to be published, reproduced, publicly displayed, distributed and sold, identical copies of the Copyrighted Work on the same website Plaintiff uses to sell the Copyrighted Works. Attached hereto as Exhibit C is list depicting some of Defendant's unlawful publication of the Copyrighted Work. There are more violations of Plaintiff's copyright posted for unlawful sale by Defendant on www.etsy.com and likely others unknown to Plaintiff at this time.

17. Defendant's use of the Copyrighted Work is without Plaintiff's authorization or consent and without any compensation to Plaintiff.

19. Since Defendant began exploiting the Copyrighted Work, it has been distributed dozens or even hundreds of times before Plaintiff could alert the marketplace website about the infringing nature of Defendant's actions. On information and belief, Defendant continues to repost, reproduce, display and sell the Copyrighted Works on any number of unknown websites and platforms. On further information and belief, Defendant plans to continue her infringing activities as described in her February 25, 2020 letter.

20. On information and belief, Defendant's identical copying and exploitation of the Copyrighted Work was willful, and in disregard of, and with indifference to, the rights of Plaintiff. On further information and belief, Defendant's intentional, infringing conduct was undertaken to reap the creative benefit and value associated with the Copyrighted Work. By failing to obtain Plaintiff's authorization to use the Copyrighted Work or to compensate Plaintiff for the unlicensed use, Defendant has avoided payment of commercial license fees and other financial costs associated with obtaining permission to exploit the Copyrighted Work, as well as the restrictions

that Plaintiff is entitled to and would place on any such exploitation as conditions for Plaintiff's permission, including the right to deny permission altogether.

21. On December 5, 2019, Plaintiff's personal counsel sent a cease and desist letter to Defendant objecting to Defendant's unauthorized reproduction, publication, distribution, public display and sale of the Copyrighted Work. Again, on March 12, 2020, Plaintiff's retained counsel sent another cease and desist letter to Defendant's previously known counsel objecting to Defendant's unauthorized reproduction, publication, distribution, public display and sale of the Copyrighted Work. Attached hereto as Exhibit D are true and correct copies of Plaintiff's personal counsels' December 5, 2019 and the March 12, 2020 cease and desist letters to Defendant.

22. To date, Plaintiff has received no response to its March 12, 2020 cease and desist letter and, after reasonable inquiry, has no evidence that Defendant has complied with the demands set out in Plaintiff's counsel's cease and desist letter. On June 8, 2020, Plaintiff sent two more letters to both Defendant's last known counsel and directly to Defendant (because Defendant's last known counsel has not responded to any letters, emails or direct phone calls and is believed to be either incapacitated or no longer representing Defendant). Once again, Defendant has ignored this letter and only amplified her willfully infringing conduct, described below.

23. As a result of Defendant's actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, publication, distribution, public display and sale of the Copyrighted Work. Defendant has never accounted to or otherwise paid Plaintiff for its commercial and unlicensed use of the Copyrighted Work.

24. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

*C. Defendant's deliberate interference with Economic Relations*

25. On or around June 14, 2020, Defendant emailed (the "Email") the North Black Deaf Advocates ("NBDA") regarding Plaintiff's products on Teachers Pay Teachers, whom Defendant believed a professional relationship existed between the I'm and Plaintiff, alleging that Plaintiff is a racist. In that email to the NBDA, Defendant admitted that she "told Teachers Pay Teachers I felt Bradley (Plaintiff) was treating me differently because I was black." She further instructed NBDA to "dissolve any relationship with Bradley Manker" directly interfering with Plaintiff's economic relations.

COUNT ONE

Federal Copyright Infringement

(17 U.S.C. § 501)

26. Plaintiff repeats and realleges paragraphs 1 through 23 hereof, as if fully set forth herein.

27. The Copyrighted Works are an original "Clip Art" electronic media containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Work. Plaintiff owns a valid copyright registration for the Copyrighted Work, attached as Exhibit B.

28. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, public display and sale of portions of the Copyrighted Work without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

29. On information and belief, Defendant's infringing conduct alleged herein was, and continues to be, willful and with full knowledge of Plaintiff's rights in the Copyrighted Work and has enabled Defendant illegally to obtain profit therefrom.

30. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the Copyrighted Work and products incorporating or embodying the Copyrighted Work, and an accounting of and a constructive trust with respect to such profits.

31. Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Defendant's willful infringing conduct/for each of Plaintiff's works that Defendant has infringed and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

32. Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

33. As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted Work. Plaintiff therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

## COUNT TWO

### Contributory Copyright Infringement

34. Plaintiff repeats, re-alleges, and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 33, inclusive, of this Complaint.

35. Plaintiff is informed and believes and thereon alleges that Defendant knowingly induced, participated in, aided and abetted, and resultantly profited from the illegal reproduction, and/or creation of derivative works based on the Copyrighted Works as alleged herein..

36. By reason of the Defendant's acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial.

37. By reason of the Defendant's acts of contributory liability as alleged above, Plaintiff has suffered and will continue to suffer general and special damages to its business in an amount to be established at trial.

38. Due to Defendant's acts of contributory and/or vicarious copyright infringement, Defendant has obtained direct and indirect profits they would otherwise not have realized but for their infringement of the Copyrighted Works. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendant's infringement of the Copyrighted Works in an amount to be established at trial.

39. Plaintiff is informed and believes and thereupon alleges that Defendants, and each of them, have continued to manufacture and/or sell articles bearing the Copyrighted Works with knowledge that such acts violate Plaintiff's intellectual property rights. Therefore, Defendant's acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendant to liability. Further, Defendant willfully and intentionally misappropriated, palmed-off and/or infringed Plaintiff's Copyrighted Works which renders Defendants liable for damages as described herein.

## COUNT THREE

### Intentional Interference with Economic Relations

40. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 – 39 above.

41. Plaintiff, as media maker, had existing relationships as well as prospective economic advantage stemming from his reputation and goodwill in his community. Defendant was aware of Plaintiff's existing contractual relationships and prospective economic advantages prior to Defendant's conduct.

42. Defendant intentionally interfered with Plaintiff's existing contractual relationships and prospective economic advantage by sending the Email to the NBDA and admitting to notifying Teachers Pay Teachers, specifically stating that Plaintiff was treating Defendant differently on account of race, which is false, and advising them to terminate their relationship with Plaintiff.

43. Defendant's intentional interference was motivated by the purpose of inflicting injury to Plaintiff and his business.

44. Defendant's intentional interference harmed Plaintiff's contractual relationships and prospective contractual relationships and prospective economic advantage.

45. As a direct and proximate cause of Defendant's intentional interference, Plaintiff has suffered actual economic damages in the form of lost contracts, lost goodwill and reputation and lost prospective economic advantage in the approximate amount of $20,000.00 or another amount to be proven at trial.

\\\

\\\

## RESERVATION OF RIGHT TO AMEND

46. Plaintiff reserves the right to Amend this Complaint to add additional claims should the facts necessitate amendment or as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

1. That Defendant has violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2. That Defendant has directly contributed to copyright infringement.

3. Granting an injunction preliminarily and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

    a. distributing, marketing, advertising, promoting, displaying or selling or authorizing any third party to distribute, market, advertise, promote, display or sell the Copyrighted Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works; and

    b. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a).

4. That Defendant be ordered to provide an accounting of Defendant's profits attributable to Defendant's infringing conduct, including Defendant's profits from sales and any other exploitation of the Copyrighted Works, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works.

5. That Defendant be ordered to destroy or deliver up for destruction all materials in Defendant's possession, custody, or control used by Defendant in connection with Defendant's

infringing conduct, including without limitation all remaining copies of the Copyrighted Works and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Works, as well as all means for manufacturing them.

6. That Defendant, at its own expense, be ordered to recall the Copyrighted Works from any distributors, retailers, vendors, or others that have distributed the Copyrighted Works on Defendant's behalf, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works, and that Defendant be ordered to destroy or deliver up for destruction all materials returned to it.

7. That Defendant has intentionally interfered with Plaintiffs economic relations resulting in damages of $20,000 or an amount to be proven at trial.

8. Awarding Plaintiff:

    a. Defendant's profits obtained as a result of Defendant's infringing conduct, including but not limited to all profits from sales and other exploitation of the Copyrighted Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works, or in the Court's discretion, such amount as the Court finds to be just and proper;

    b. damages sustained by Plaintiff as a result of Defendant's infringing conduct, in an amount to be proven at trial;

    c. damages sustained by Plaintiff as a result of Defendant's intentional interference in the amount of $20,000 or an amount to be proven at trial;

    d. should Plaintiff so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits; and

    e. Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

9. Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

10. Awarding such other and further relief as the Court deems just and proper.

Dated: August 5, 2020.

*s/ Jeffrey N. Neuman*
Jeffrey N. Neuman, OSB # 151760
DAIGLE LAW
210 SW Morrison Street, Suite 600
Portland, OR 97204
T: (971) 255-0609
E: jeff@daigle.law

*Attorney for Plaintiff Bradley Manker d/b/a 35 Corks Art Studio*

COMPLAINT - 13